```
                                                              FILED
                                                          IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT                          U.S. DISTRICT COURT E.D.N.Y.
EASTERN DISTRICT OF NEW YORK                           ★  FEB 1 4 2017  ★
-----------------------------------------------------x
SUSAN KUPFERSTEIN, Individually and                      BROOKLYN OFFICE
On Behalf of All Others Similarly Situated,              OPINION AND ORDER
                                                         15-cv-5881 (NG)
                          Plaintiffs,

    - against -

THE TJX COMPANIES, INC.,

                          Defendant.
-----------------------------------------------------x
```

GERSHON, United States District Judge:

Plaintiff Susan Kupferstein, asserting diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), brings this putative class action, alleging a single claim against Defendant The TJX Companies, Inc. ("TJX") for deceptive and fraudulent business practices under New York General Business Law § 349. Plaintiff seeks injunctive relief, actual damages, statutory damages, costs, and reasonable attorney's fees. Defendant has moved to dismiss plaintiff's amended complaint with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons set forth below, defendant's motion to dismiss is granted for failure to state a claim.

## PLAINTIFF'S ALLEGATIONS

Plaintiff is a citizen of New York. Am. TJX is a Delaware corporation with its principal place of business in Massachusetts. TJX does business as TJ Maxx, Marshalls, and HomeGoods. Its customers can register for membership accounts through the TJX Rewards program. TJX then issues TJX Rewards Certificates, or coupons, to members who have accumulated qualifying purchases. Members can use these coupons to purchase products at TJ Maxx, Marshalls, and

HomeGoods stores. Plaintiff alleges in her amended complaint that, in April or May of 2015, TJX issued her a coupon in the amount of $10. On May 6, 2015, she made a purchase at a Marshalls store in New York using her $10 coupon. Because she used a coupon, plaintiff alleges, TJX charged her "an undisclosed fee of $1.60, designated as a 'sales tax,' calculated on the full amount of the purchase, before deducting the amount of the coupon." As a result, she did not receive the full benefit of her coupon as advertised, but rather $10 minus the amount of the fee.

On October 13, 2015, plaintiff originally filed this lawsuit seeking to recover "overcharges of sales tax" by TJX. In her original complaint, plaintiff explained that, on May 6, 2015, she made a purchase at a Marshalls store in New York for $17.98 of taxable items using her $10 coupon. After applying the coupon, the purchase came out to $7.98. New York law requires retailers to calculate sales taxes on the discounted price of a purchase. TJX, however, calculated the tax on the full amount of plaintiff's purchase before deducting the discount. As a result, TJX charged plaintiff $1.60 in sales taxes – $0.90 more than the $0.70 that TJX was authorized to collect by New York law. With her complaint, she included the sales receipt for her purchase, which states that plaintiff was charged $1.60 in sales tax.

TJX, in a letter requesting a pre-motion conference, argued that plaintiff's suit is barred by New York law because, under New York Tax Law §§ 1139–40, there is an exclusive administrative remedy for taxpayers seeking a refund of any tax that was "erroneously, illegally or unconstitutionally collected or paid," requiring plaintiff to submit her claim to the State Tax Commission. Alerted to this provision of New York tax law, plaintiff amended her complaint in a seeming effort to sidestep this exclusive administrative remedy under the New York tax law. Plaintiff changed the way she described the same charge by TJX, so that instead of a sales tax overcharge, her amended complaint characterizes the charge, as explained above, as "an

undisclosed fee of $1.60, designated as a 'sales tax.'" Furthermore, she omitted any mention in her amended complaint of the proper way to calculate sales taxes under New York law or of the allegedly correct amount of sales tax of $0.70 that TJX was authorized to collect. She also neglected to include her sales receipt, which clearly marked the $1.60 charge as a sales tax. However, the amount of this "undisclosed fee," according to plaintiff, varies with the purchase price so that the greater the purchase price, the greater the fee – just like a sales tax.

Plaintiff claims that TJX engaged in deceptive and fraudulent business practices by charging this "fee" and giving plaintiff a smaller discount than advertised on the face of the coupon. TJX responds that, despite plaintiff's change in language, her claim is that she was overcharged in sales tax. TJX now moves to dismiss for lack of subject matter jurisdiction on the grounds that New York State offers an exclusive administrative remedy for tax refund claims, arguing that in amending the complaint, plaintiff is merely seeking to couch what is really a sales tax overcharge claim as a claim for hidden fees. In addition, TJX moves to dismiss for failure to state a claim, arguing that, even if the exclusive administrative remedy does not bar her suit, plaintiff has failed to plausibly allege that TJX failed to remit any amount it collected as a sales tax to the taxing authorities.

## DISCUSSION

### I. Standard of Review

To survive a 12(b)(6) motion, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015). However,

a pleading consisting only of "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). Furthermore, the court may "draw on its experience and common sense" in reviewing a complaint, and is not bound by the labels plaintiff uses. *Iqbal*, 556 U.S. at 678–79.

While consideration on a motion to dismiss is typically limited to the four corners of an amended complaint, a court is not required to "turn a blind eye to [a plaintiff's] previous filings." *Kupferstein v. Wakefern*, No. 15-cv-5828, at 4 (E.D.N.Y. May 13, 2016); *accord Mingues v. Nelson*, 2004 WL 324898, at *3 (S.D.N.Y. Feb. 20, 2004). Accordingly, I will consider plaintiff's original complaint, as well as the sales receipt attached to her original complaint, to provide context for her current claim.

## II. New York Tax Law Provides an Exclusive Administrative Remedy for Tax Payers Seeking Refunds for Taxes that Were Illegally or Erroneously Collected

TJX's "collection of [] sales tax[es] constitutes 'merely a ministerial act.'" *Cohen v. Hertz*, 2013 WL 9450421, at *3 (S.D.N.Y. Nov. 26, 2013) *(quoting Davidson v. Rochester Tel. Corp.*, 163 A.D.2d 800, 802 (3d Dep't 1990)). Once it collects the tax, TJX's "responsibility ends" and "a dissatisfied taxpayer's recourse is [] against the taxing body." *Id.* (internal alterations and quotation marks omitted). New York Tax Law § 1139 provides taxpayers an administrative remedy to seek a refund of any tax "erroneously, illegally or unconstitutionally collected or paid" from the New York Tax Commission, and that administrative remedy for seeking a refund is exclusive. N.Y. Tax Law § 1140; *Cohen*, 2013 WL 9450421, at *3. Section 1140 further provides that a court may review a determination by the Tax Commission only in an action pursuant to Article 78 of the New York Civil Practice Law and Rules. *See Schultz v. Hudson News Distribs., LLC*, 2015 WL 6087595, at *2 (Sup. Ct., N.Y. County, Oct. 16, 2015). Therefore, a court may not hear claims such as this of erroneously or illegally collected or paid New York. *Kupferstein v.*

4

*Wakefern*, No. 15-cv-5828, at 4–5 (E.D.N.Y. May 13, 2016); *Estler v. Dunkin' Brands, Inc.*, 2016 WL 5720814, at *2 (S.D.N.Y. Oct. 3, 2016); *Gilbert v. Home Depot, Inc.*, 2014 WL 4923107, at *2–3 (W.D.N.Y. Sept. 30, 2014); *Cohen*, 2013 WL 9450421, at *3.[1]

Here, it is evident that plaintiff's claim is that TJX overcharged her in sales tax by calculating the tax before applying her coupon. Plaintiff herself originally alleged that the charge was a sales tax. She attempted to refashion her claim in her amended complaint to assert that TJX in fact charged her a hidden fee under the guise of collecting sales taxes only when confronted with a provision that would bar her claim in court. By amending her complaint, it appears that plaintiff hoped to erase her acknowledgement that the charge was a sales tax. It is not only her own acknowledgement, however, that confirms that the charge is in fact a sales tax calculated on her pre-discounted purchase. The changes plaintiff made to her complaint are entirely cosmetic. The sum of the alleged fee, $1.60, is exactly the amount that TJX would have charged plaintiff in sales taxes on her pre-discounted purchase. Further, according to plaintiff's amended complaint, the fee is calculated in precisely the same way a sales tax is calculated. The charge was even marked as a sales tax on plaintiff's receipt. Finally, plaintiff herself alleges that TJX calculated the fee on the full amount of plaintiff's purchase, before deducting the coupon discount, which is also how she originally alleged that TJX miscalculated the sales tax on her purchase. Even under the deferential

---

[1] Some courts have treated the question as jurisdictional, while others have dismissed similar claims for failure to state a claim or failure to exhaust administrative remedies. *Compare Estler*, 2016 WL 5720814, at *4 (dismissing for lack of subject matter jurisdiction) *and Cohen*, 2013 WL 9450421, at *3 (lack of jurisdiction) *with Gilbert v. Home Depot, Inc.*, 2014 WL 4923107, at *1 (failure to state a claim) *and Kupferstein v. Wakefern*, No. 15-cv-5828, at 5 (failure to exhaust administrative remedies). In my view, the issue is not one of subject matter jurisdiction, but of failure to state a claim because a state "ha[s] no power to enlarge or contract the federal jurisdiction." *Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1325 (2d Cir. 1977); *accord Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982); *Beach v. Owens-Corning Fiberglas Corp.*, 728 F.2d 407, 409 (7th Cir. 1984).

standards of a motion to dismiss, I am not obliged to accept plaintiff's labels or turn a blind eye to plaintiff's prior pleadings. *Wakefern*, No. 15-cv-5828, at 4; *Mingues*, 2004 WL 324898, at *3. Common sense instructs that the alleged fee was in fact a sales tax. *See Kupferstein v. Wakefern*, No. 15-cv-5828, at 5 (rejecting the same argument by the same plaintiff because "simple common sense leads to the conclusion that the $4.33 to which plaintiff objects was indeed a sales tax"); *Estler*, 2016 WL 5720814, at *2 ("Plaintiffs cannot change this basic premise semantically by referring to the collection of tax as a 'surcharge.'").

Plaintiff argues that, even treating the fee as a sales tax, the court can hear the present claim because TJX has a practice of intentionally and deceptively overcharging TJX Rewards members by calculating sales taxes before applying coupon discounts so that it can keep the excess amount, making it a "straight" deceptive business practices claim. Plaintiff further argues that TJX has not offered evidence that it remitted the excess sales tax it collected.

Of course, it is not defendant's burden to produce evidence at this point. More importantly, plaintiff did not make this allegation in her amended complaint. However, even reading the amended complaint to implicitly allege that TJX collected excess sales taxes without remitting them to the taxing authorities, plaintiff fails to meet her burden. While I generally have to accept plaintiff's allegations as true at this stage, I do not have "to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 686. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff's allegation that TJX failed to remit the full amount she paid in taxes is speculation insufficient to support her claim. *See Kupferstein*, No. 15-cv-5828, at 5 ("[T]he plaintiff's claim that the tax is not really a tax because the defendant did not remit it to the tax authorities is unsupported by anything other than

rank speculation."). Without more, plaintiff's allegations fail to "nudge[] [her] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Simply put, plaintiff cannot avoid the force of New York Tax Law § 1139 by characterizing her claim as brought under New York General Business Law § 349. The state legislature established the New York Tax Commission and conferred on it exclusive responsibility for examining these kinds of claims. I cannot excuse plaintiff's effort to circumvent the exclusive administrative remedy established under New York law based on mere speculation. *Cf. Tomony v. County of Suffolk*, 2013 WL 55821, at *4 (E.D.N.Y. Jan. 3, 2013) ("Plaintiff's failure to exhaust his administrative remedies cannot be excused based upon plaintiff's mere speculation that his grievance would have been denied.").

## CONCLUSION

For the reasons discussed above, defendant's motion is GRANTED. The amended complaint is dismissed for failure to state a claim. The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

Dated: February 13, 2017
Brooklyn, New York